IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., § § | |
| Plaintiff, § § | |
| V. § | Case No. _____ |
| § § | |
| MICHAEL MUNN d/b/a LUKE GAGE, § § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex"), through its attorneys, complaining of defendant Michael Munn d/b/a Luke Gage ("Defendant"), hereby alleges as follows:

### I. STATEMENT OF THE CASE

1. This is a suit by Rolex against Defendant for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees, investigators' fees, and costs for trademark counterfeiting and infringement. Defendant is being sued by Rolex as a result of Defendant's sale, offers for sale, distribution, promotion, and advertisement of merchandise bearing counterfeits of Rolex's federally registered trademarks.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

3. Defendant is subject to the jurisdiction of this Court because he does business in the Eastern District of Texas ("District") and has committed the acts complained of herein in this District.

4. Defendant is subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

6. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

7. Upon information and belief, Defendant is a resident of the State of Texas residing at 3947 FM 1249, East Lot 2, Kilgore, Texas 75662.

## IV.  FACTUAL ALLEGATIONS

**A. Rolex's Famous Products and Trademarks**

8. Rolex is a distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks as defined below.

9. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

10. Rolex is responsible for assembling, finishing, marketing, and selling in interstate commerce high-quality Rolex watches, watch bracelets, and related products for men and women (hereinafter referred to as "Rolex Watches").

11. Rolex is responsible for maintaining control over the quality of Rolex products and services in this country.

12. Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches, and the Rolex Registered Trademarks are distinctive marks used to identify these high-quality products originating with Rolex.

13. Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST, SEA-DWELLER, OYSTER, OYSTER PERPETUAL, GMT-MASTER, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA, DAYTONA, EXPLORER II, TURN-O-GRAPH, and GMT-MASTER II.

14. Rolex is the owner of, including, but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| AIR-KING | 2,953,542 | 5/17/05 | Watch and watch parts thereof. |
| CELLINI | 4,711,326 | 3/31/15 | Watches and parts thereof. |
| ♛ CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| DEEPSEA | 4,378,540 | 8/6/13 | Watches. |
| EXPLORER | 2,518,894 | 12/18/01 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| MILGAUSS | 875,616 | 8/26/69 | Watches [and clocks,] and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| SKY-DWELLER | 4,280,289 | 1/22/13 | Watches and parts thereof. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| YACHT-MASTER | 1,749,374 | 1/26/1993 | Watches. |

True and correct copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached hereto as **Exhibit 1**.

15. The Rolex Registered Trademarks are arbitrary and fanciful, and are entitled to the highest level of protection afforded by law.

3

16. Rolex and its predecessors have used the Rolex Registered Trademarks for many years on, and in connection with, Rolex Watches and related products.

17. Based on Rolex's extensive advertising, sales, and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and have been famous since well before the Defendant's activities complained of herein. Rolex Registered Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public, and the trade as being a product or affiliate of Rolex.

18. Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks.

19. The Rolex Registered Trademarks are valid and subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.

**B. Defendant's Counterfeiting and Infringing Activities**

20. Rolex hereby incorporates all prior allegations by reference.

21. Upon information and belief, long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendant began selling, offering for sale, distributing, promoting, and advertising in interstate commerce, through the Internet, watches bearing counterfeits and infringements of the Rolex Registered Trademarks as those marks appear on Rolex's products and are shown in the Rolex Registered Trademarks attached hereto as **Exhibit 1**.

22. Rolex received several notices from U.S. Customs and Border Protection ("CBP"), dated November 28, 2017 through February 2, 2018, relating to the seizure of 28 counterfeit Rolex watches imported by Defendant.

23. On or about January 23, 2018, Rolex learned that Defendant was promoting, distributing, offering for sale, and selling watches bearing counterfeits and infringements of the Rolex Registered Trademarks on the social media websites www.facebook.com ("Facebook") and www.instagram.com ("Instagram").  True and correct copies of sample screenshots taken from Instagram and Facebook are attached hereto as **Exhibit 2**.

24. Defendant was also promoting, distributing, offering for sale, and selling watches bearing counterfeits and infringements of the Rolex Registered Trademarks on the classified advertisements website www.craigslist.org ("Craigslist").  Defendant listed counterfeit Rolex watches for sale at $300.00 each.  In the description of the listings, Defendant stated, "These clones are exact to genuine in every detail." True and correct copies of sample listings are attached hereto as **Exhibit 3**.

25. On or about February 23, 2018, Rolex's attorney sent a letter by certified mail to Defendant demanding that, among other things, he cease importing and/or distributing merchandise bearing any of the Rolex Registered Trademarks.

26. Defendant never responded to the February 23, 2018 letter sent by Rolex's attorney.

27. On or about May 23, 2018, Rolex's investigator, along with an officer from the Kilgore Police Department (the "KPD"), traveled to meet with Defendant in order to purchase counterfeit Rolex watches.

28. Defendant presented Rolex's investigator with two cases of watches bearing counterfeits and infringements of the Rolex Registered Trademarks.  The counterfeit Rolex watches ranged in price from $50.00 to $300.00 each.

29. Rolex's investigator purchased four counterfeit Rolex Watches from Defendant (the "Counterfeit Watches"), for which he paid a total of $1,200.00. Photographs of the Counterfeit Watches are attached hereto as **Exhibit 4**.

30. Rolex's investigator has received training in the identification of watches bearing counterfeits and infringements of the Rolex Registered Trademarks. Rolex's investigator examined the Rolex watches purchased from Defendant and determined that they bear counterfeits and infringements of the Rolex Registered Trademarks.

31. On that same date, the KPD arrested Defendant and seized approximately thirty-three counterfeit Rolex watches from Defendant's vehicle and home (the "Seized Watches").

32. On or about October 2, 2018, Defendant pled guilty to Trademark Counterfeiting, a Class A Misdemeanor.

33. Rolex has examined the Counterfeit Watches and Seized Watches. Rolex determined that none of their parts, including the dial, bracelet links, bezel, and movement are of Rolex origin. The Counterfeit Watches and Seized Watches contain numerous counterfeits and infringements of the Rolex Registered Trademarks.

34. Defendant has willfully infringed upon at least 16 of the Rolex Registered Trademarks and caused Rolex irreparable harm.

**C. Summary of Defendant's Illegal Activities**

35. Defendant intentionally, maliciously, and willfully sold, offered for sale, distributed, promoted, and advertised watches bearing counterfeits of one or more of the Rolex Registered Trademarks, despite knowledge that such sales were illegal.

36. At all times relevant hereto, Defendant's acts have been calculated to confuse and deceive the public, and have been performed with full knowledge of Rolex's rights.

37. Defendant is not now, nor has he ever been, associated, affiliated, connected with, endorsed, or otherwise sanctioned by Rolex.

38. Rolex has never authorized or consented in any way to the Defendant's use of the Rolex Registered Trademarks or any marks confusingly similar thereto.

39. Defendant's use of the Rolex Registered Trademarks or marks substantially indistinguishable from or confusingly similar thereto in connection with Defendant's products is likely to cause consumers, the public, and the trade to erroneously believe that the products provided by Defendant emanate or originate from Rolex, and/or that said products are authorized, sponsored, or approved by Rolex, even though they are not.  This confusion causes irreparable harm to Rolex, and weakens and dilutes the distinctive quality of the Rolex Registered Trademarks.

40. By using counterfeits of the Rolex Registered Trademarks on his goods, Defendant traded on the goodwill and reputation of Rolex and created the false impression that Defendant's goods are affiliated with Rolex.

41. Defendant has been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for his own financial gain.  Furthermore, Defendant has unfairly benefited and profited from Rolex's outstanding reputation for high-quality products, and its significant advertising and promotion of Rolex watches and the Rolex Registered Trademarks.

42. Defendant has disparaged Rolex, its Rolex Registered Trademarks, and its products by creating a false association with Rolex, its genuine goods, and its Rolex Registered Trademarks.

43. Rolex has no control over the nature and quality of the products sold by Defendant, which bear counterfeits and infringements of the Rolex Registered Trademarks.

44. Among other things, Defendant's promotion, advertisement, and provision of his goods has and will continue to reflect adversely on Rolex as the believed source of origin thereof; hamper continuing efforts by Rolex to protect its outstanding reputation for high quality, originality and distinctive goods; and tarnish the goodwill and demand for genuine Rolex watches and products.

45. Upon information and belief, Defendant acted with reckless disregard for Rolex's rights and/or was willfully blind in connection with his unlawful activities.  Upon information and belief, Defendant willfully and maliciously engaged in infringing activities.  Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

46. Rolex has suffered irreparable harm and damages as a result of Defendant's conduct.  The injuries and damages sustained by Rolex have been directly and proximately caused by Defendant's wrongful advertisement, promotion, distribution, sale, and offers of sale of his goods bearing counterfeits and/or infringements of the Rolex Registered Trademarks.

47. The advertisements placed and published by Defendant on the Internet have infringed upon the Rolex Registered Trademarks and caused Rolex severe injury.

48. Rolex has no adequate remedy at law.

## V.  CAUSES OF ACTION

### 1. Trademark Counterfeiting (15 U.S.C. § 1114)

49. Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

50. Defendant has used spurious designations that are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by registrations for the Rolex Registered Trademarks.

51. Defendant has intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale, and distribution of goods.

52. Defendant's use of the Rolex Registered Trademarks to advertise, promote, offer for sale, distribute, and sell watches bearing counterfeits of said marks is and has always been without Rolex's consent.

53. Defendant's unauthorized use of the Rolex Registered Trademarks on and in connection with his advertisement, promotion, sale, offering for sale, and distribution of watches through the Internet constitutes Defendant's use of the Rolex Registered Trademarks in commerce.

54. Defendant's unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

(a)   cause confusion, mistake, and deception;

(b)   cause the public to believe that his watches are the same as Rolex's watches, that they are authorized, sponsored or approved by Rolex, or that they are otherwise affiliated, connected or associated with or in some way related to Rolex – when in fact they are not; and

(c)   result in Defendant unfairly benefiting from Rolex's advertising and promotion, and unfairly profiting from the reputation of Rolex and its Rolex Registered Trademarks, all while causing substantial and irreparable injury to Rolex, the Rolex Registered Trademarks and the substantial goodwill represented thereby, and the public.

55. Defendant's acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56. By reason of the foregoing, Defendant is liable to Rolex for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Rolex's election, an amount representing three (3) times Rolex's damages and/or Defendant's illicit profits; and (b) reasonable attorneys' fees, investigative fees, costs, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## 2. Trademark Infringement (15 U.S.C. § 1114)

57. Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

58. Based on Rolex's extensive advertising under the Rolex Registered Trademarks, its extensive sales and the wide popularity of Rolex watches, the Rolex Registered Trademarks have acquired a secondary meaning so that any product or advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product or affiliate of Rolex.

59. Defendant's activities constitute Defendant's use in commerce of the Rolex Registered Trademarks. Defendant used the Rolex Registered Trademarks in connection with Defendant's sale, offers of sale, distribution, promotion, and advertisement of his goods bearing counterfeits or infringements of the Rolex Registered Trademarks.

60. Defendant has used the Rolex Registered Trademarks in connection with the sale, offers for sale, distribution, promotion, and advertisement of his goods bearing counterfeits or infringements of the Rolex Registered Trademarks, knowing full well that the Rolex Registered Trademarks are the exclusive property of Rolex and that he does not have Rolex's authority or consent to use them in any way.

61. Defendant engages in the aforementioned activity with the intent to confuse and deceive the public into believing that he and the watches he sells are in some way sponsored, affiliated, or associated with Rolex, when in fact they are not.

62. Defendant's use of the Rolex Registered Trademarks has been without the consent of Rolex, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed, and sold by Defendant are warranted, authorized, sponsored, or approved by Rolex when, in fact, they are not.

63. Defendant's unauthorized use of the Rolex Registered Trademarks has resulted in Defendant unfairly benefiting from Rolex's advertising and promotion, and unfairly profiting from the reputation of Rolex and the Rolex Registered Trademarks, all while causing substantial and irreparably injury to Rolex, the Rolex Registered Trademarks and the substantial goodwill represented thereby, and the public.

64. Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**65.** By reason of the of the foregoing, Defendant is liable to Rolex for: (a) an amount representing three (3) times Rolex's damage and/or his illicit profits; and (b) reasonable attorney's fees, investigative fees, costs, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## VI.  **PRAYER FOR RELIEF**

For theses reasons, Rolex respectfully requests that the Court order the following relief:

I. That the Court enter an injunction ordering that Defendant, his agents, servants, employees, and all other persons in privity or acting in concert with him be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent his unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d) further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with, Rolex;

(f) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided or any products manufactured, distributed, sold, offered for sale, or rented by Defendant are in any way associated or connected with Rolex, or are provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g) engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, Rolex's rights in said trademarks, or Rolex's right to use or exploit said trademarks, or constituting any weakening of Rolex's name, reputation or goodwill;

(h) using or continuing to use the Rolex Registered Trademarks or trade names or any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any

Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i) hosting or acting as an Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise to, any person or entity that offers for sale any products bearing the Rolex Registered Trademarks;

(j) acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

(k) using any e-mail addresses to offer for sale any non-genuine products bearing counterfeits of the Rolex Registered Trademarks;

(l) having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(m) secreting, destroying, altering, removing, or otherwise dealing with any unauthorized products, or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of any unauthorized products, which infringe the Rolex Registered Trademarks; and

(n) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

II. That Defendant, within ten (10) days of judgment, take all steps necessary to remove from all websites owned, operated or controlled by the Defendant, all text or other media offering for sale any merchandise bearing any of the Rolex Registered Trademarks, or any marks substantially indistinguishable therefrom.

III. That Defendant, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which they have complied with the injunction pursuant to 15 U.S.C. § 1116(a).

IV.    That Defendant deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks used in association with unauthorized goods or services, as well as the means for production of same, pursuant to 15 U.S.C. § 1118.

V.    That Defendant deliver up for destruction to Rolex any infringing goods bearing the Rolex Registered Trademarks that were being advertised, promoted, or offered for sale, as well as any catalogs, circulars and other printed materials in his possession or under his control that were displaying or promoting any such infringing goods.

VI.    That Defendant not operate any websites that offer for sale or sell any merchandise bearing counterfeits of the Rolex Registered Trademarks.

VII.    That Defendant pay to Rolex such damages as Rolex has sustained as a consequence of his counterfeiting and infringement of the Rolex Registered Trademarks, that Defendant account for all gains, profits and advantages he derived from the sale of infringing merchandise bearing the Rolex Registered Trademarks, and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; or alternatively, that Rolex be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendant willfully counterfeited and infringed.

VIII.    That Rolex recover the costs of this action, together with reasonable attorneys' fees, investigators' fees, and pre-judgment interest in accordance with 15 U.S.C. § 1117.

IX.    That this Court shall retain jurisdiction of this action and the parties hereto for the purpose of enforcing the terms of the judgment.

X.    That pursuant to 11 U.S.C. § 523(a)(6), Defendant is prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

XI. That Rolex be awarded such other and further relief as the Court deems just and proper.

Dated: July 17, 2019.

          Respectfully submitted,

          BY:  s/Steven M. Abbott
                Steven M. Abbott
                State Bar No. 00797825
          Lead Attorney for Plaintiff
          Rolex Watch U.S.A., Inc.
          510 Bering Drive, Suite 300
          Houston, Texas 77057
          Telephone: (713) 467-1669
          Facsimile:  (713) 467-4936
          E-mail: abbottsteven@hotmail.com

OF COUNSEL:

GIBNEY ANTHONY & FLAHERTY, LLP
Brian W. Brokate (BB 5830)
Maja Szumarska (MS 0208)
665 Fifth Avenue
New York, NY 10022
Telephone:  (212) 688-5151
Facsimile: (212) 688-8315

Attorneys for Rolex Watch U.S.A., Inc.