**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ROLEX WATCH U.S.A., INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Case No. 6:19-cv-00323** |
| | § | |
| **MICHAEL MUNN d/b/a LUKE GAGE,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST**
**DEFENDANT MICHAEL MUNN**

**TO THE HONORABLE UNITED STATES DISTRICT CLERK:**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, plaintiff Rolex Watch U.S.A., Inc. ("Plaintiff" or "Rolex") files this Request for Entry of Default Against Defendant Michael Munn and, in support thereof, would respectfully show the Clerk of this Court as follows:

1. On July 17, 2019, Plaintiff filed this action against defendant Michael Munn [d/b/a Luke Gage] ("Defendant" or "Munn") for federal trademark counterfeiting and infringement under 15 U.S.C. § 1114. *See* Document No. 1.

2. On July 22, 2019, the Clerk of this Court issued a Summons (*see* Document No. 5) directing Defendant to serve upon Plaintiff's undersigned counsel an answer to Plaintiff's Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure ("Rule 12 Motion") within twenty one (21) days after service of the Summons, and to also file his answer or motion with the Court. A true and correct copy of the Summons is attached hereto as **Exhibit 1** and incorporated herein by reference.

3. On August 3, 2019, Defendant was duly served with, *inter alia*, the above-

referenced Summons and a copy of Plaintiff's Complaint, as reflected in the Affidavit of Service executed by Laura Reeves, which was filed with the Court on August 8, 2019 (*see* Document No. 6).  A true and correct copy of Ms. Reeves' Affidavit of Service is attached hereto as **Exhibit 2** and incorporated herein by reference. As such, Defendant should have served Plaintiff's undersigned counsel with his answer or Rule 12 Motion on or before August 26, 2019, and he should have also filed his answer or Rule 12 Motion with the Court within a reasonable period of time thereafter.

4.    As set forth in the Declaration of Steven M. Abbott that is attached hereto as **Exhibit 3** and incorporated herein by reference, Defendant has neither served upon Plaintiff's undersigned counsel [or anyone else acting on Plaintiff's behalf] nor filed with the Court an answer, a Rule 12 Motion, or any other response to Plaintiff's Complaint, nor has Defendant otherwise appeared in this cause.

Accordingly, since Defendant has failed to answer or otherwise appear in this action, and the time for him to answer or otherwise appear in this cause has long-since expired, Plaintiff respectfully requests that the Clerk enter a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure in the form that is filed as an attachment to this Request.

Dated: September 5, 2019
.

Respectfully submitted,

BY:  s/Steven M. Abbott
    Steven M. Abbott
    State Bar No. 00797825
Lead Attorney for Plaintiff
Rolex Watch U.S.A., Inc.
510 Bering Drive, Suite 300
Houston, Texas 77057
Telephone: (713) 467-1669
Facsimile:  (713) 467-4936
E-mail: abbottsteven@hotmail.com

OF COUNSEL:

GIBNEY ANTHONY & FLAHERTY, LLP
Brian W. Brokate (BB 5830)
Maja Szumarska (MS 0208)
665 Fifth Avenue
New York, NY 10022
Telephone:  (212) 688-5151
Facsimile: (212) 688-8315

Attorneys for Rolex Watch U.S.A., Inc.